# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WOODS, JR., | CASE NO. 1:11-cv-01699 LJO GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED FOR PLAINTIFF'S FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT |
| v. | |
| C/O ACOSTA, et al., | |
| Defendants. | OBJECTIONS DUE IN THIRTY DAYS |

## I. Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

II. **Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Ironwood State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at CCI Tehachapi. Plaintiff names the following individual defendants: Correctional Officer (C/O) Acosta; C/O Olmos; C/O Clinerd. Plaintiff claims that he was subjected to unconstitutional conditions of confinement. Specifically, Plaintiff alleges that he was denied showers on a regular basis.

In Section II of the complaint, Plaintiff indicates that there is an inmate grievance process at CCI Tehachapi and that he filed a grievance. However, Plaintiff indicates that the grievance process is not complete. Plaintiff indicates that, at the time the complaint was filed, he was still waiting for the process to be completed. Plaintiff states that due to the seriousness of the alleged violation, "I wish to further this and proceed in this action."

A. **Exhaustion of Administrative Remedies**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Section 7 of the Prison Litigation Reform Act was amended to read as follows:

> (a) APPLICABILITY OF ADMINISTRATIVE REMEDIES. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983) or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). In <u>Booth v. Churner</u>, 532 U.S. 731 (2001). The Supreme Court, in addressing the question of whether a prisoner need exhaust available remedies when monetary damages are unavailable, held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." <u>Id</u>. at 1821. In order to bring his claim in

federal court, plaintiff must completely exhaust his available administrative remedies.

"The Prison Litigation Reform Act requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009)(citing 42 U.S.C.§ 1997e(a)). "[T]he PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). This means that a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)(quoting Ngo, 548 U.S. at 88).

The Court of Appeals has held that District Courts are required under Prison Litigation Reform Act (PLRA) to dismiss actions without prejudice where prisoner failed to exhaust administrative remedies prior to filing suit but was in process of doing so when motion to dismiss was filed. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.2003); McKinney 311 F.3d at 1200-01. Because Plaintiff's complaint contains a concession to nonexhaustion of available administrative remedies, this action should be dismissed without prejudice to the filing of a new civil rights action after Plaintiff has exhausted available administrative remedies.

## III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that Plaintiff has not exhausted his available administrative remedies prior to filing suit. Because Plaintiff concedes that he has failed to exhaust his administrative remedies, the Court finds that this defect cannot be cured by further amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice to re-filing after Plaintiff has exhausted his available administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.   The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **April 5, 2012**           /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE